Theresa **PRENDEVILLE**, Individually and as Administratrix of the Goods, Chattels and Credits of John Prendeville, deceased, Plaintiff,

v.

**UNITED STATES** of America, the Veterans Administration, Defendants.

No. 86 Civ. 740 (WCC).

United States District Court, S.D. New York.

Dec. 22, 1986.

Lipsig, Sullivan & Liapakis, P.C., New York City, for plaintiff; Arnold Pomeranz, Adrian Klein, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendants; Richard Mark, Asst. U.S. Atty., of counsel.

WILLIAM C. CONNER, District Judge:

Defendants United States of America and the Veterans Administration have moved for an order (1) dismissing plaintiff's first cause of action, for damages arising from injury to John Prendeville, for lack of subject matter jurisdiction due to the untimeliness of plaintiff's complaint under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (1982) ("FTCA"), and (2) dismissing plaintiff's third cause of action for failure to state a claim upon which relief can be granted.[1]

### Background

On September 11, 1981 plaintiff's decedent John Prendeville was admitted to the New York Veterans Administration Medical Center ("VA Hospital"). At the time of his admission, Mr. Prendeville complained, inter alia, of headaches, vomiting and neck pains. Apparently, he had injured his head and neck in a fall six days before his admission to the VA Hospital. Mr. Prendeville developed a fever and a series of infections after his admission to the hospital and his

---

1. Although defendants have moved for judgment on the pleadings under Fed.R.Civ.P. 12(c), both parties have now submitted materials outside the pleadings. The materials consist of extracts from medical records and an autopsy report whose authenticity is not disputed. The Court elects to consider these materials and treat the motion as one for summary judgment.

See *Curran v. International Union, Oil, Chemical & Atomic Workers, AFL–CIO,* 582 F.Supp. 420, 422 (W.D.N.Y.1984); *Slevin v. Pedersen Associates, Inc.,* 540 F.Supp. 437, 438 n. 2 (S.D.N.Y. 1982).

In addition, the plaintiff has voluntarily withdrawn its action against the Veteran's Administration, so that this issue is now moot.

condition deteriorated rapidly. On September 15, four days after entering the hospital, he suffered a respiratory arrest. In order to restore Mr. Prendeville's breathing, the attending doctors inserted a tube into his trachea and connected him to a respirator. By September 18, Mr. Prendeville's breathing had improved and he was removed from the respirator. A few hours later, however, he suffered a second respiratory arrest. Attempts to re-intubate the patient evidently failed, and doctors performed a tracheotomy to restore breathing.

While attempting the intubations, the doctors evidently moved Mr. Prendeville's head and neck. That movement, coupled with the injury Mr. Prendeville had already suffered before entering the VA Hospital, allegedly caused the injury for which plaintiff now brings this action. Apparently, Mr. Prendeville suffered a spinal cord injury in the neck area. Following the intubation on September 15, the doctors noted that Mr. Prendeville had diminished movement and reflexes. After the attempted intubation on September 18, the medical record shows that Mr. Prendeville had flaccid paralysis throughout his body with no reflexes.

On February 6, 1984, plaintiff filed a claim under the FTCA alleging that Mr. Prendeville "was rendered quadriparetic as a result of [the September 18, 1981] intubation." The FTCA requires that a tort claim must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" or be "forever barred" 28 U.S.C. § 2401(b) (1982). Defendants maintain that plaintiff failed to file this suit within two years after the claim accrued, and accordingly judgment must be entered in defendant's favor on this claim.

### Discussion

■ Federal law determines when a claim accrues under the FTCA. *Kossick v. United States,* 330 F.2d 933, 936 (2d Cir.), *cert. denied,* 379 U.S. 837, 85 S.Ct. 73, 13 L.Ed.2d 44 (1964). The Supreme Court has held that once the plaintiff has "possession

of the critical facts that he has been hurt and who has inflicted the injury," the cause of action accrues and the statute of limitations starts running. *United States v. Kubrick,* 444 U.S. 111, 122, 100 S.Ct. 352, 359, 62 L.Ed.2d 259 (1979); *accord Arvayo v. United States,* 766 F.2d 1416, 1418–19, 1422–23 (10th Cir.1985). A cause of action accrues under the FTCA when "the plaintiff has discovered both his injury and its cause." *Id.* 444 U.S. at 120, 100 S.Ct. at 358. Once a plaintiff is

armed with the facts about the harm done to him, [he] can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims to the government.

*Kubrick,* 444 U.S. at 123, 100 S.Ct. at 360.

■ In this action, the government asserts that plaintiff was "armed with the facts about the harm done to him" as of sometime shortly after September 18, 1981, the day of the attempted intubation which allegedly caused his paralysis. To prove their assertion, the government points to a notation on Mr. Prendeville's hospital record indicating that on October 26, 1981, Mr. Prendeville asked a VA Hospital staff member whether he would ever be able to move again. Defendant somehow believes that this is clear evidence that plaintiff was aware at that time that his paralysis may have been caused by the negligent act of a government doctor. The Court disagrees. The only fact the statement by Prendeville proves is that he was uncertain, as of October 26, 1981, whether his paralysis was permanent. It does not prove that he knew his condition may have been caused by a doctor's negligence. It may be that, as far as Prendeville knew, his paralysis was part of his deteriorating physical condition.

Further, there is evidence indicating that Prendeville did not know the alleged cause of his paralysis even at the time of his death, and that this lack of knowledge may

have been caused by possibly misleading statements made by doctors to Prendeville and members of his family. On March 5, 1983, two days following Mr. Prendeville's death, an autopsy was performed. It seems as if even at that time the surviving family members were unaware of the alleged cause of his injury. In the autopsy report prepared by Dr. Beverly Leffers, the doctor noted that "family states the doctor told them due to the deceased having stopped breathing for the 8–9 minutes would cause motor damage or brain damage." Clearly, this indicates that there is some question as to when the Prendevilles became aware, or could have become aware, that Mr. Prendeville's condition may have been caused by a doctor's negligence, and what possibly misleading statements by doctors at the hospital may have caused this delay. This is a factual question which must be resolved at trial.

For the reasons outlined above, defendants' motion for judgment on the issue of the timeliness of plaintiff's suit under the FTCA is denied. Since this portion of defendants' motion has been denied, there is no basis for their second request for relief, and that too is denied.

So Ordered.